FILED

SEP 2 4 2008

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| JOHN MARLAND | § |
|     **Plaintiff,** | § |
| | § |
| **v.** | § Case No.: **A08CA 722SS** |
| | § |
| **NORTH STAR CAPITAL ACQUISITION,** | § |
| **LLC;** | § **COMPLAINT AND JURY DEMAND** |
| | § |
| **INTERNATIONAL FIDELITY** | § |
| **INSURANCE COMPANY;** | § |
| | § |
| **HOSTO & BUCHAN, P.L.L.C.** | § |
| **d/b/a HOSTO, BUCHAN, PRATER &** | § |
| **LAWRENCE, P.L.L.C.** | § |
| **and d/b/a HOSTO, BUCHAN, PRATER** | § |
| **AND LAWRENCE** | § |
| | § |
| **WESTERN SURETY COMPANY** | § |
| | § |
| **ZENITH ACQUISITION CORP.** | § |
| | § |
|     **Defendants** | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, JOHN MARLAND ("Marland") brings suit for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.), the Texas debt collection act, Ch. 392 Tex. Fin. C., the Fair Credit Reporting Act, 15 U.S.C. 1691 et seq, (F.C.R.A.), and for other violations.

## A.   JURISDICTION AND VENUE

1.    The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, ("F.D.C.P.A.") 15 U.S.C. 1692, et seq., and the

Fair Credit Reporting Act ( "F.C.R.A."), 15 U.S.C. 1691 *et seq*. Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the F.D.C.P.A. and the F.C.R.A. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. The court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's claims state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution. The Court specifically has jurisdiction over Defendants RLI, Western Surety and Hosto under 28 U.S.C. § 1367(a) (the federal court's "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.")

2. Plaintiff JOHN MARLAND is an individual residing in Travis County, Texas.

3. Defendant NORTH STAR CAPITAL ACQUISITIONS, LLC ("North Star") is a foreign corporation organized and existing under the laws of the State of MINNESOTA whose home office address is 200 JOHN GLENN DRIVE SUITE 100, AMHERST, NEW YORK, 14228, Erie County, State of New York. Said Defendant may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because Defendant engages in business in Texas but does not maintain a regular place of business in this state or a designated agent for service of process, and this suit arose out of Defendant's business in Texas. The Texas Secretary of State may also forward a copy of the citation and petition of this cause to David Paris, Chief Executive Officer, NORTH STAR CAPITAL ACQUISITIONS, LLC 200 John Glenn Drive Suite 100, Amherst, NY 14228.

4. The Court has jurisdiction over Defendant North Star, a nonresident. Said Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas. Said Defendant engaged in business in Texas by attempting to collect an alleged debt against Plaintiff in Texas in a manner that violated the law and that forms the basis of the claims brought by way of this complaint.

5. Defendant Hosto & Buchan P.L.L.C., dba Hosto, Buchan, Prater & Lawrence, P.L.L.C. and d/b/a Hosto, Buchan, Prater and Lawrence ("Hosto") is a professional limited liability company organized and existing under the laws of the State of Arkansas, with a principal place of business at 701 W 7th St., Little Rock, AR 72201. Said Defendant may be served with process by serving C T Corporation System, 350 North St. Paul St., Dallas, TX 75201.

6. On information and belief Hosto, Buchan, Prater & Lawrence, P.L.L.C. is merely a dba for Hosto & Buchan P.L.L.C., and does not exist as a separate entity.

7. The Court has jurisdiction over Hosto, a nonresident. Said Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas. Said Defendant engaged in business in Texas by attempting to collect an alleged debt against Plaintiff in Texas in a manner that violated the law and that forms the basis of the claims brought by way of this complaint.

8. Defendant Western Surety Company ("Western Surety") is a foreign corporation organized and existing under the laws of the State of South Dakota, with a principal place of business at 101 South Phillips Ave. Sioux Falls SD 57117-5077. Said Defendant may be served by and through its registered agent C T Corporation System, 350 North St. Paul St., Dallas, TX 75201.

9. The Court has jurisdiction over Defendant Western Surety, a nonresident. Said Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas. Said Defendant issued a bond to Defendant Hosto to allow Hosto to collect debts in Texas.

10. Defendant ZENITH ACQUISITION CORP. a foreign corporation organized and existing under the laws of the State of NEW YORK whose home office address is 200 JOHN GLENN DRIVE SUITE 100, AMHERST, NEW YORK, 14228, Erie County, State of New York. Said Defendant may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service Defendant engages in business in Texas but does not maintain a regular place of business in this state or a designated agent for service of process, and this suit arose out of Defendant's business in Texas. The Texas Secretary of State may also forward a copy of the citation and petition of this cause to David Paris, Chief Executive Officer, ZENITH ACQUISITION CORP. 200 John Glenn Drive Suite 100, Amherst, NY 14228..

11. Defendant INTERNATIONAL FIDELITY INSURANCE COMPANY ("International Fidelity") is a foreign corporation organized and existing under the laws of the State of New Jersey whose principal place of business is One Newark Center 20th Floor, Newark NJ 07102. Said defendant may be served through its registered agent, Roger Moore, 900 West Avenue 3rd Floor, Austin TX 78701-2210.

12. The Court has jurisdiction over Defendant International Fidelity, a nonresident. Said Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas. Said Defendant issued a bond to Defendant North Star and Defendant Zenith to collect debts in Texas.

13.    Venue is proper in this District because all or a substantial part of the events or omissions giving rise to their claims occurred in Travis County, Texas.

14. All conditions precedent necessary to maintain this action have been performed or have occurred.

### D.    STATEMENT OF FACTS

15.  Defendant Western Surety is the bonding company for Defendant Hosto, and Defendant International Fidelity is the bonding company for Defendants North Star and Zenith. Pursuant to Tex. Fin. C. § 392.102 and pursuant to the terms of the bond agreement itself, Plaintiff may bring suit directly against the bonding companies for the Texas debt collection act violations by the debt collectors to whom they have provided a bond. Therefore, when this complaint refers to liability of Hosto under the Texas debt collection act it applies equally to Western Surety, and when this complaint refers to liability of North Star or Zenith under the Texas debt collection act it applies equally to International Fidelity.

16. In 2005 Defendants Zenith and North Star sent Plaintiff dunning letters making representations as to an amount alleged to be due by Plaintiff for an alleged credit card account with Aspire Visa.

17.  On or about July 11, 2006 Defendant North Star, by and through Defendant Hosto, sent Plaintiff a dunning letter. The dunning latter stated that "the current balance," the "total amount now due" and "the amount you owe as of the time of the date of this letter" was $1,335.44.

18.  On or about September 25, 2006 Defendant North Star, by and through Defendant Hosto, filed suit against John Marland in Cause No. 47055, NORTH STAR CAPITAL ACQUISITION,

LLC v.. JOHN MARLAND, County Court  Justice of the Peace Court Pct. 2 ("the state court action") seeking to collect the alleged credit card debt.

19.   The representations in the underlying action were communicated to Mr. Marland when the suit was served on him on October 16, 2006.

20.   Unlike the dunning letter of July 2006, the lawsuit of September 2006 and the affidavit attached to the lawsuit represented to Mr. Marland that 1,335.44 was in fact not the total amount due, but merely the "principal balance." The lawsuit alleged that Mr. Marland owed an additional (and undefined) amount of "prejudgment interest accruing at the rate of 6% per anum."

21.   On or about November 16, 2006 Plaintiff disputed to Defendant Zenith in writing the alleged Aspire Visa debt that formed the basis of the underlying action.

22.   After receiving Plaintiff's written dispute, Defendant Zenith nevertheless reported the debt as due and owing without noting that the debt was disputed. Defendant made these representations to third-parties including the consumer reporting agencies, and through said agencies to all prospective and current creditors and employers who reviewed Plaintiff's consumer report (commonly known as a "credit report"). Consumer reporting agencies are commonly known as "credit reporting agencies," and include entities such as TransUnion, Experian and Equifax (aka CSC Credit Services).

23.   On or about March 14, 2007 the court in the state court proceeding entered Take Nothing Judgment, an adjudication on the merits that extinguished the underlying debt for which North

Star had filed suit ("the extinguished debt").

24.   On information and belief, Defendant Hosto failed to inform Defendants North Star and/ or Zenith that the court in the state court proceeding entered a Take Nothing Judgment extinguishing the debt.

25.   In the alternative, also on information and belief, Defendant Hosto in fact **did** inform both Defendants North Star and Zenith that the court in the state court proceeding entered a Take Nothing Judgment extinguishing the debt.

26.   In the second alternative, also on information and belief, Defendant Hosto in informed Defendant North Star – but not Zenith - that the court in the state court proceeding entered a Take Nothing Judgment extinguishing the debt. Further, on information and believe, Defendant North Star then failed to inform Zenith that the debt had been extinguished or, in the alternative, in fact did inform Zenith that the debt was extinguished.

27.   Defendant Zenith reported the debt to the consumer reporting agencies as due and owing despite the debt being extinguished.

28.   On or about October 12, 2007 – a full 7 months after alleged debt was extinguished – Plaintiff sent another dispute letter to Zenith. In his dispute, Plaintiff put Zenith on notice that the debt it was reporting on his consumer report was the subject of a collection lawsuit and that there was a court ruling extinguishing the debt. Plaintiff sent this dispute directly to Zenith and Zenith received the dispute.

29.   Plaintiff also sent this dispute directly to the consumer reporting agencies. On information

and belief the consumer reporting agencies notified Zenith of the dispute and forwarded all relevant information regarding the dispute to Zenith, including the assertion that alleged debt was the subject of a prior lawsuit and extinguished.

30.  Zenith verified the debt as true and correct.

31.  On information and belief, Zenith contacted North Star and Hosto to verify that the debt had not been extinguished in prior litigation. On information and belief North Star and Hosto affirmatively represented to Zenith that the debt was still due and owing or, in the alternative, failed to disclose that the debt was extinguished by the entry of a take nothing judgment.

32.  In the alternative, Zenith verified the debt without taking reasonable steps to determine whether the debt was actually owed or whether Plaintiff's claims that the debt was the subject of a collections lawsuit and the court issued a judgment extinguishing the debt.

33.  Aside from the fact that the debt was extinguished in the underlying lawsuit, the amount that Zenith was representing to the consumer reporting agencies as due and owing is inconsistent with the amounts it represented in prior dunning letters to Plaintiff. It was also inconsistent with the character, status or amount of the debt as represented by North Star and Hosto. Without limitation, this inconsistency relates to whether the alleged debt was accumulating interest, the rate of interest, and the total balance due on the date the representations as to the amount due were made.

34.  Plaintiff has been injured by the false reporting and verification of the extinguished debt.

35.  At all times relevant to this suit Zenith was the actual or implied agent of North Star, or visa

versa.  In addition, or to the degree it is inconsistent with the prior statement, in the alternative, Zenith and North Star are, on information and belief, either separate entities engaging in a joint enterprise or effectively a single entity established for the purpose of collecting debts.

36.   At all times relevant to this suit Hosto was the agent of North Star and/or Zenith.

37.   The activities of Hosto, North Star and Zenith as stated above were attempts to collect a debt within the meaning of the F.D.C.P.A. and the Texas debt collection act.

### E.   COUNT # 1: Violations of the federal Fair Debt Collection Practices Act

38.   Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

39.   Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

40.   North Star, Zenith and Hosto are each a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

41.   The obligation alleged by North Star, Zenith and Hosto in the state court action and/ or to the consumer reporting agencies is a "debt" as defined by 15 U.S.C. § 1692a(5).

42.   Marland brings these F.D.C.P.A. claims as a "private attorney general" acting in the in the interest of all consumers. See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance.").

43.   North Star and Zenith violated the following sections of the Fair Debt Collection Practices

Act (the "F.D.C.P.A."): 15 U.S.C. 1692b, 1692c, 1692d, 1692e, 1692f, and 1692g. By way of example and not limitation North Star and Zenith has violated these provisions by misrepresenting the character, status, and amount of the debt; making a false, deceptive, or misleading representation or means in connection with debt collection; communicating or threatening to communicate to any person credit information which is known or which should be known to be false; attempting to collect an amount not permitted by law; and using a unfair or unconscionable means to collect or attempt to collect an alleged debt.

44.   Plaintiff seeks attorney's fees, costs, actual damages and statutory damages of $1,000.00 for these violations on the federal act.

### F.   COUNT # 2: Violations of the Texas debt collection statute, Tex. Fin. C. § 392.001 *et seq*

45.   Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

46. Plaintiff is a "consumer" as that term is defined by Tex. Fin. C. § 392.001(1).

47. North Star, Zenith and Hosto are each a "third-party debt collector" as that term is defined in Tex. Fin. C. § 392.001(7).

48. The obligation alleged by North Star, Zenith and Hosto in the state court action and/or to the consumer reporting agencies is a "consumer debt" as that term is defined in Tex. Fin. C. § 392.001(2).

49. At all times relevant to this suit Western Surety has been the bonding company for Hosto pursuant to Tex. Fin. C. § 392.102.

50. At all times relevant to this suit International Fidelity has been the bonding company for North Star and Zenith pursuant to Tex. Fin. C. § 392.102.

51. North Star, Zenith and Hosto violated Tex. Fin. C. § 392.001 et seq., the Texas debt collection act. By way of example and not limitation North Star, Zenith and Hosto have violated the statute by misrepresenting the character, status, and amount of the debt; making a false, deceptive, or misleading representation or means in connection with the debt collection; communicating or threatening to communicate to any person credit information which is known or which should be known to be false; attempting to collect an amount, including interest, not authorized by law; and by using a unfair or unconscionable means to collect or attempt to collect an alleged debt.

52. A prevailing consumer in a Texas debt collection action is entitled to actual damages, additional statutory damages of $100.00 *per violation*, and mandatory attorney's fees and cost, and these are so sought. Marland also seeks a permanent injunction to prohibit North Star, Zenith and Hosto from again violating the debt collection statutes.

### G.    COUNT # 3: Tort of unfair debt collection.

53. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

54. The actions of North Star, Zenith, and Hosto that violate the F.D.C.P.A. and/or the Texas debt collection act also constitute the tort of wrongful debt collection, which allows for the recovery of actual and punitive damages, and are so sought. Duty v. General Finance Company, 273 S.W.2d 64 (Tex. 1954).

## H.    COUNT #4: Violation of the Fair Credit Reporting Act.

55.   Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.   Defendant Zenith violated the Fair Credit Reporting Act ( "F.C.R.A."), 15 U.S.C. 1691 et seq.   Without limitation, Zenith violated the F.C.R.A. by willfully or, in the alternative, negligently verifying the amount and status of the debt in violation of 15 U.S.C. § 1681s-2(b). Zenith is liable for actual damages, statutory damages, punitive damages and attorney's fees for its F.C.R.A. violations.

56.   Zenith violated 15 U.S.C. § 1681i(a) by failing to correct or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies and conducting a reinvestigation and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

57.   Zenith communicated factual misrepresentation regarding Plaintiff's credit worthiness to the consumer reporting agencies and, through the agencies, to prospective creditors seeking to extend credit, existing creditors reviewing the accounts to determine the terms upon which it would continue to offer credit, and promotional inquiries from prospective creditors seeking to determine if they should send Plaintiff credit particular credit offers. Defendants' false statements of Plaintiff's are libel per se. These statements made it more difficult for Plaintiff to obtain credit, maintain credit, or receive offers of credit on terms as favorable as they would be without Zenith's factual misrepresentations. These factual misrepresentations were also communicated to any other user of the consumer credit report including, without limitation, current or prospective employers seeking to make employment decisions. Zenith false statements are libel per se. On information and belief, these statements made it more difficult for Plaintiff to

obtain credit, maintain credit, or receive offers of credit on terms as favorable as they would be without Zenith's factual misrepresentations; or effected employment decisions regarding Plaintiff. In the alternative, if Zenith made any of the statements in a manner other than in writing, Marland brings these claims as slander. Plaintiff seeks strict liability damages, actual, exemplary and punitive damages for these violations.

58.  After being informed by the consumer reporting agencies that the Plaintiff disputed the accuracy of the information it was providing, Zenith willfully failed to conduct a proper investigation of the Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b)(A).

59.  Zenith willfully failed to review all relevant information purportedly provided by such consumer reporting agencies to Zenith in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

60.  Zenith willfully failed to direct such consumer reporting agencies to delete inaccurate information about Plaintiff pertaining to the extinguished debt as required by 15 U.S.C. § 1681s-2(b)(C).

61.  Plaintiff has a private right of action to assert claims against Zenith arising under 15 U.S.C. § 1681s-2(b).

62.  Zenith is liable to Plaintiff for actual damages by has sustained by reason of Zenith's F.C.R.A. violations in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681n.

63.  The conduct, action and inaction of Zenith was willful, rendering it liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C. §1681n.  In the alternative, Zenith was negligent entitling the Plaintiff to recover pursuant to 15 U.S.C. § 1681o.

64.  Plaintiff is entitled to recover costs and attorney's fees from Zenith in an amount to be determined by the court pursuant to 15 U.S.C. § 1681n and § 1681o.

65.  In the alternative to willful violations, Zenith's F.C.R.A. violations were committed negligently as stated below.

66.  After being informed by the consumer reporting agencies that Plaintiff disputed the accuracy of the information it was providing, Zenith negligently failed to conduct a proper investigation of Plaintiff's dispute pertaining to the extinguished debt reported to the consumer reporting agencies, as required by 15 U.S.C. § 1681s-2(b)(A).

67.  Zenith negligently failed to review all relevant information purportedly provided by such consumer reporting agencies to Zenith in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

68.  Zenith negligently failed to direct such consumer reporting agencies to delete inaccurate information about Plaintiff pertaining to the disputed and settled debt, as required by 15 U.S.C. § 1681s-2(b)(C).

69.  Plaintiff has a private right of action to assert claims against Zenith arising under 15 U.S.C. § 1681s-2(b).

70.  Zenith is liable to Plaintiff for the actual damages he has sustained by reason of Zenith's

violation of the F.C.R.A., in an amount to be determined by the trier of fact, together with his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

## I.    COUNT #5: Libel

71.  Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

72.  Zenith committed the tort of liable against Plaintiff. Zenith communicated factual misrepresentation regarding Plaintiff's credit worthiness to the consumer reporting agencies and, through the agencies, to prospective creditors seeking to extend credit, existing creditors reviewing the accounts to determine the terms upon which it would continue to offer credit, if any, and promotional inquiries from prospective creditors seeking to determine if they should send Plaintiff credit particular credit offers. These factual misrepresentations were also communicated to any other user of the consumer credit report including, without limitation, current or prospective employers seeking to make employment decisions. Zenith false statements are libel per se. On information and belief, these statements made it more difficult for Plaintiff to obtain credit, maintain credit, or receive offers of credit on terms as favorable as they would be without Zenith's factual misrepresentations; or effected employment decisions regarding Plaintiff. In the alternative, if Zenith made any of the statements in a manner other than in writing, Marland brings these claims as slander. Plaintiff seeks strict liability damages, actual, exemplary and punitive damages for these violations.

## J.    COUNT #6: Providing false credit information in violation of Tex. Fin. C. § 391.001 et seq.

73.  Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and

realleged herein.

74.  North Star and Zenith violated Tex. Fin. C. § 391.001 *et seq* by furnishing false credit information.  North Star and Zenith furnished false information about Marland's creditworthiness, credit standing, or credit capacity to a credit reporting agency in violation of Tex. Fin. C. § 391.002. North Star and Zenith are liable for statutory damages of $200.00 per violation, actual damages, exemplary and punitive damages, and attorney's fees and costs for its actions.

### K.  COUNT # 7: Violations of the Texas Deceptive Trade Practices Act

75.  Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

76.  Plaintiff brings claims against Defendants North Star, Zenith and Hosto for violations of the Texas Deceptive Trade Practices Act, the D.T.P.A. Plaintiff has given no written notice of the D.T.P.A. claims made in this complaint prior to its filing because some or all of the D.T.P.A. claims may expire during the notice period.

77.  A violation of the Texas debt collection act "is a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code [the D.T.P.A.] and is actionable under that subchapter." See also Tex. Bus. Com. C. § 17.50(h) ("Notwithstanding any other provision of this subchapter, if a claimant is granted the right to bring a cause of action under this subchapter by another law, the claimant is not limited to recovery of economic damages only, but may recover any actual damages incurred by the claimant, without regard to whether the conduct of

the defendant was committed intentionally.") Plaintiff hereby brings suit for violations of the

Texas debt collection act by and through the D.T.P.A. pursuant to Tex. Fin. C. § 392.404 and

Tex. Bus. Com. C. § 17.50(h).

78.   Plaintiff also equitable relief under the D.T.P.A. The equitable relief sought includes profit

disgorgement, fee forfeiture, and the issuance of a permanent injunction barring North Star and

Hosto from again committing the acts that form the basis of its liability in this suit. Marland need

not show actual damages in order to obtain said equitable relief. Kinzbach Tool Co. v. Corbett-

Wallace Corp., 160 S.W.2d 509, 514 (Tex. 1942); Watson v. Limited Partners of WCKT, Ltd.,

570 S.W.2d 179, 182 (Tex. Civ. App.—Austin 1978, writ ref'd n.r.e.); Russell v. Truitt, 554

S.W.2d 948, 952 (Tex. Civ. App.—Fort Worth 1977, writ ref'd n.r.e.); see also Restatement

(Second) of Agency § 399 (1958) (listing remedies).

79. Plaintiff is entitled to recover reasonable and necessary attorney fees and costs under Tex.

Bus. & Com. Code §17.50(d).

## L.   COUNT # 8: Fraud.

80. Plaintiff incorporates the above statement of facts by reference.

81. Hosto and North Star made material and false representations When Hosto and North Star

made the representations, it knew them to be false, or made the representations recklessly, as a

positive assertion, and without knowledge of its truth. Hosto and North Star made the

representations with the intent that they be acted upon. The representations were in fact acted

upon causing Marland injury. See Stum v. Stum, 845 S.W.2d 407, 416 (Tex.App.--Fort Worth

1992), overruled on other grounds, Humphreys v. Meadows, 938 S.W.2d 750, 751 (Tex.App.--

Fort Worth 1996, writ denied). Marland seeks exemplary and punitive damages for these acts.

### M.   COUNT # 9: Intentional misrepresentation.

82. Plaintiff incorporates the above statement of facts by reference.

83. Hosto and North Star made false statements of fact; made promises of future performance with an intent, at the time the promise was made, not to perform as promised; made statements of opinion based on a false statement of fact; made statements of opinion that the maker knew to be false; or made an expression of opinion that was false, while claiming or implying to have special knowledge of the subject matter of the opinion. The misrepresentations of Hosto and North Star were relied upon, damaging Marland. Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 524 (Tex. 1998). Marland seeks exemplary and punitive damages for these acts.

### N.   COUNT # 10: Negligence & gross negligence, including negligent misrepresentation.

84. Plaintiff incorporates the above statement of facts by reference.

85. Hosto and North Star owed a legal duty to Marland.  Without limitation this includes the duty to use ordinary care in making representations and ascertaining the accuracy of information of information given to others. Edco Products Inc., 794 S.W.2d 69, 76-77 (Tex.App.—Austin 1990, writ denied); and the duty to use reasonable care in performing services. Colonial Sav. Ass'n, 544 S.W.2d 116, 119-20 (Tex. 1976). Hosto and North Star breached their legal duty, and the breach proximately causing Marland harm.  Hosto and North Star is also liable for negligent hiring, training, supervision or retention of competent employees. See, e.g. Morris v. JTM Materials, 78 S.W.3d 28, 49 (Tex.App.—Fort Worth 2002, no pet.). Marland brings these

negligence claims in addition to the above causes of action, or, to the degree that the negligence claims are inconsistent with the above claims, the negligence claims are brought in the alternative to the above claims. Marland seeks exemplary and punitive damages for these acts.

### O.   COUNT # 11: Declaratory and injunctive relief.

86.   Plaintiff incorporates the above statement of facts by reference.

87.   Marland seeks declaratory relief that Hosto and North Star committed the above violations and an injunction to prevent Plaintiff from again engaging in the conduct giving rise to these claims.  C.P.R.C. § 37.004(a).  Marland seeks attorney's fees and costs. C.P.R.C. § 37.009; Butnaru v. Ford Motor Co., 84 S.W.3d 198, 210 (Tex. 2002) (injunction issued under principles of equity). Plaintiff seeks attorney's fees, costs, actual damages, exemplary and punitive damages. Marland also seeks declaratory and injunctive relief to enjoin North Star and/or Hosto to correct their misreporting of Marland's credit worthiness to the consumer reporting agencies.

### P.   JURY DEMAND.

88.   Marland demands a jury trial.

### Q.   PRAYER

89.   For these reasons, Marland asks for judgment against Defendants for the following:

      i.    The above referenced relief requested;

      ii.    Statutory damages (including $1,000.00 pursuant to 15 U.S.C. § 1692k (F.D.C.P.A.); $100 per violation pursuant to Tex. Fin. C.  § 392.403(e) (Texas debt collection act); statutory and punitive damages pursuant to the F.C.R.A.; statutory damages of $200.00 per violation of the Tex. Fin. C. §

391.001 *et seq.*

iii.   Actual and economic damages within the jurisdictional limits of the court;

iv.   Attorney fees and costs of court;

v.   Exemplary and punitive damages;

vi.   Prejudgment and post-judgment interest as allowed by law;

vii.   Costs of suit;

viii.   General relief;

ix.   An injunction prevent similar unlawful conduct now and in the future;

x.   injunctive relief to enjoin Zenith to correct its misreporting of Marland's credit worthiness to the consumer reporting agencies.

xi.   All other relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

*Ahmad Keshavarz W. P.*

Ahmad Keshavarz
Attorney for Plaintiff

State of Texas Bar Number: 24012957

The Law Offices of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026

Phone: (718) 522-7900
Fax:    (877) 496-7809
Email: ahmad@AustinConsumerAttorney.com